# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

<table>
<tr><td>

IOANA CONLEY,

      **Plaintiff,**

      v.

U.S. DEPARTMENT OF STATE, et al.,

      **Defendants.**

</td><td>

)
)
)
)
)
)
)
)
)
)
)

</td><td>

**Civil Action No.
24-10131-FDS**

</td></tr>
</table>

## MEMORANDUM AND ORDER ON
## DEFENDANTS' MOTION TO DISMISS

SAYLOR, C.J.

Plaintiff Ioana Conley brought this action seeking a declaratory judgment and a writ of mandamus to compel the Secretary of State and the U.S. Consulate General in Montreal, Canada, to complete the administrative review of her visa application on behalf of her father, Mihai Dan Aprodu, and for the Court to favorably adjudicate that application. The complaint alleges that the Department of State's review was unreasonably delayed, and that plaintiff was deprived of her right to due process of law under the Fifth Amendment of the U.S. Constitution.

Defendants have moved to dismiss the complaint under Fed. R. Civ. P. 12(b)(6). For the following reasons, that motion will be granted.

## I.    Background

Unless otherwise noted, the following facts are set forth as alleged in the complaint.[1]

---

[1] On a motion to dismiss, the court may properly consider four types of documents outside the complaint without converting the motion into one for summary judgment: (1) documents of undisputed authenticity; (2) documents that are official public records; (3) documents that are central to plaintiff's claim; and (4) documents that are sufficiently referred to in the complaint. *Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993).

Ioana Conley is the daughter of Mihai Dan Aprodu, a Canadian citizen.  (Compl. ¶¶ 10, 12).  On January 7, 2022, Conley filed an I-130 visa petition on behalf of Aprodu with U.S. Citizenship & Immigration Services ("USCIS").  (Id. ¶ 13).  On February 3, 2023, USCIS provisionally approved the petition, at which point it was forwarded to the National Visa Center ("NVC") for further processing.  (Id. ¶¶ 15-16).  The petition was then sent to the U.S. Consulate General in Montreal for an immigrant visa interview, which was conducted on September 14, 2023.  (Id. ¶ 17).  Three days later, on September 17, 2023, a consular officer requested additional information from Aprodu, which he provided.  (Id.).  No action on the application was taken for the next four months.

On January 17, 2024, Conley filed this action against the U.S. Department of State, the U.S. Secretary of State, and the U.S. Consulate General and the Consul General in Montreal. The complaint asserts two claims:  a claim for unlawful withholding of agency action under the Administrative Procedure Act ("APA") (Count 1), and a claim for deprivation of due process of law under the Fifth Amendment of the U.S. Constitution (Count 2).

After the complaint was filed, a consular officer determined that Aprodu was ineligible for a visa and denied the application based on § 221(g) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1201(g).  (Def. Ex. 1).[2]  The officer noted that additional security screening was being performed, and depending on the results of that screening, a "consular officer may reconsider [his] eligibility for the visa."  (Id.).[3]

---

[2] Defendants attached to their motion a declaration from an attorney-adviser employed by the U.S. Department of State attesting to the authenticity of an attached e-mail that was sent to Aprodu informing him of the consular officer's decision to refuse his visa application.  (Def. Ex. 1).  Plaintiff has not disputed the authenticity of that document.  (See Pl. Opp'n at 2).

[3] The Court also takes judicial notice of the status of the visa application on the U.S. Department of State website, according to the Immigrant Visa Case Number provided in the complaint.  (Compl. ¶ 16); *Visa Status Check*, U.S. DEP'T OF STATE, https://ceac.state.gov/ceacstattracker/status.aspx (last accessed April 15, 2024).

Defendants have moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

## II.    <u>Standard of Review</u>

On a motion to dismiss made pursuant to Rule 12(b)(6), the court "must assume the truth of all well-plead[ed] facts and give the plaintiff the benefit of all reasonable inferences therefrom." *Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007) (citing *Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir. 1999)).  To survive a motion to dismiss, the complaint must state a claim that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  In other words, the "[f]actual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations omitted).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556).  Dismissal is appropriate if the complaint fails to set forth "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." *Gagliardi v. Sullivan*, 513 F.3d 301, 305 (1st Cir. 2008) (quoting *Centro Medico del Turabo Inc. v. Feliciano de Melecio*, 406 F.3d 1, 6 (1st Cir. 2005)).

## III.    <u>Analysis</u>

### A.    <u>The APA Claim (Count 1)</u>

Count 1 asserts a claim that defendants have "unlawfully withheld or unreasonably delayed" adjudication of Aprodu's visa application under the APA.  Defendants respond that the consular nonreviewability doctrine precludes judicial review; that the claim is moot because the application has already been adjudicated; and that any delay was not unreasonable.

1.      <u>**Jurisdiction**</u>

As an initial matter, the APA "does not provide an independent source of subject-matter jurisdiction." *Conserv. Law Found. v. Busey*, 79 F.3d 1250, 1261 (1st Cir. 1996) (citations omitted); *see Califano v. Sanders*, 430 U.S. 99, 107 (1977); *see also Your Home Visiting Nurse Servs. v. Shalala*, 525 U.S. 449, 457-58 (1999) (clarifying that 5 U.S.C. § 706 "is not an independent grant of subject-matter jurisdiction").

At the same time, the Mandamus and Venue Act ("MVA"), 28 U.S.C. § 1361, vests federal district courts with "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Although the requirements of the APA and MVA differ, courts generally consider such claims to be coextensive for claims of unreasonable delay. *See, e.g.*, *Kinuthia v. Biden*, 2022 WL 17653503, at *4 n.7 (D. Mass. Nov. 9, 2022).

Section 1202(b) of the INA directs that "[a]ll immigrant visa applications shall be reviewed and adjudicated by a consular officer." 8 U.S.C. § 1202(b). Other sections of the INA appear to grant total discretion to consular officers to grant or deny visa applications. *See* 8 U.S.C. §§ 1104(a) and 1201(a). Courts are divided over whether those provisions create a "nondiscretionary duty" to establish jurisdiction under the APA and MVA. *Compare Kassem v. Blinken*, 2021 WL 4356052, at *5 (E.D. Cal. Sept. 24, 2021) (holding that there is a mandatory duty under § 1202(b) and collecting cases) *with Mueller v. Blinken*, 2023 WL 4759245, at *3 (E.D. Va. July 17, 2023) (finding no mandatory duty under § 1202(b) and collecting cases).

This court has generally found a "nondiscretionary duty on consular officials to act upon a visa or naturalization petition without unreasonable delay." *Pishdadiyan v. Clinton*, 2012 WL 664774, at *11 (D. Mass. Feb. 7, 2012) (collecting cases). The parties have presented no reason to depart from that principle, and therefore the Court will assume that such a duty exists.

2.      **Consular Nonreviewability Doctrine**

Defendants contend that judicial review is unavailable to plaintiffs under the doctrine of consular nonreviewability.[4]

The doctrine of consular nonreviewability bars courts from reviewing a consular officer's decision to deny a particular visa application.  *See Chiang*, 582 F.3d at 242 (citing *United States ex rel. Knauff v. Shaughnessy*, 338 U.S. 537, 543 (1950)).  Courts in this district have repeatedly upheld the applicability of that doctrine when asked to review a consular officer's denial of a visa application.  *See, e.g.*, *Shenouda III Inc. v. Blinken*, No. 22-11046, ECF No. 19 (D. Mass. Sept. 29, 2023); *Samandar v. Blinken*, 599 F. Supp. 3d 28, 29 (D. Mass. 2022); *Tahmooresi v. Blinken*, 629 F. Supp. 3d 6 (D. Mass. 2022) (collecting cases).  There are, however, two narrow exceptions to the doctrine.

The first exception permits judicial review when a visa denial is alleged to infringe the constitutional rights of a U.S. citizen within the United States.  *Kleindienst v. Mandel*, 408 U.S. 753, 770 (1972).  Under that exception, review is limited to determining whether the visa denial was based on a "facially legitimate and bona fide reason."  *Id.*  The exception does not apply here because, as discussed below, the complaint does not challenge the outcome of the visa application, and fails to state a claim for denial of a citizen's constitutional rights.

The second exception permits review if expressly authorized by statute.  *See Liberty Church of the Assemblies of God v. Pompeo*, 470 F. Supp. 3d 74, 77 n.3 (D. Mass. 2020); *Samandar*, 599 F. Supp. 3d at 29; *see also Baan Rao*, 985 F.3d at 1024-25.

---

[4] Courts are divided over whether the consular nonreviewability doctrine raises an issue of subject-matter jurisdiction or a question as to the merits.  The First Circuit has suggested *in dicta* that it may be jurisdictional.  *See, e.g.*, *Chiang v. Skeirik*, 582 F.3d 238, 242 (1st Cir. 2009) ("Under the doctrine of consular nonreviewability, in immigration disputes nonconstitutional issues are generally outside the jurisdiction of the courts.").  More recent cases, including from the Supreme Court, have suggested otherwise.  *See Baan Rao Thai Rest. v. Pompeo*, 985 F.3d 1020, 1027-29 (D.C. Cir. 2021) (discussing *Trump v. Hawaii*, 585 U.S. 667, 682-83 (2018)).  That question was not briefed by the parties here, and the Court will not resolve it on the current record.

Under the express terms of the APA, its grant of judicial review did not disturb "other limitations on judicial review," which included the preexisting consular nonreviewability doctrine.  5 U.S.C. § 702; *see also Saavedra Bruno v. Albright*, 197 F.3d 1153, 1160 (D.C. Cir. 1999).  The question, therefore, is whether the doctrine also precludes review for unreasonable delays in taking a required action under APA § 706.  Some courts have found that it does.  *See, e.g.*, *Abdo v. Tillerson*, 2019 WL 464819, at \*3 (S.D.N.Y. Feb. 5, 2019) (collecting cases).  At least two courts, however, have determined that although the doctrine might preclude review of an agency's substantive decision, it does not prevent review of the procedural workings of an agency under the APA, and therefore claims of unreasonable delay are justiciable.  *See Patel v. Reno*, 134 F.3d 929, 931-32 (9th Cir. 1997); *Al-Gharawy v. U.S. Dep't of Homeland Sec.*, 617 F. Supp. 3d 1, 13 (D.D.C. 2022) (discussing the divided authorities).

The First Circuit has yet to address that issue.  Several decisions from other courts in this district have also seemingly differed in their approach.  *Compare Dy v. Blinken*, 2023 WL 8238881, at \*2 (D. Mass. Nov. 28, 2023) (doctrine inapplicable when the plaintiffs were seeking to compel a decision based on unreasonable delay, not seeking to require a particular decision) *with Samandar*, 599 F. Supp. 3d at 29 ("the doctrine of consular nonreviewability precludes review under the APA"); *ZigZag LLC v. Kerry*, 2015 WL 1061503, at \*6 (D. Mass. Mar. 10, 2015) (same).  Courts have also declined to "circumvent" consular nonreviewability based on "procedural irregularities" behind a consular officer's decision.  *See, e.g.*, *ZigZag LLC*, 2015 WL 1061503, at \*4 (citing *Pishdadiyan*, 2012 WL 664774, at \*13).

Under the circumstances, and absent further guidance from the First Circuit, the Court will assume, without deciding, that the consular nonreviewability doctrine does not preclude

judicial review of an unreasonable-delay claim under the APA.  It will therefore proceed to consider whether the complaint plausibly states a claim for relief on that ground.[5]

### 3.    <u>Unreasonable Delay</u>

To state a claim for unreasonable delay under the APA, a plaintiff must allege that (1) a government agency failed to take legally required action and (2) the agency's delay in taking this action was unreasonable.  *See Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 62-63 (2004); *Da Costa v. Immigr. Inv. Program Off.*, 80 F.4th 330, 340 (D.C. Cir. 2023); *see also Raouf v. U.S. Dep't of State*, 2023 WL 8020484, at *7 (D.N.H. Nov. 20, 2023).

As to the first element, defendants contend that the agency has taken the required action—that is, it has denied Aprodu's application—and that therefore the claim has been rendered moot.  Plaintiffs, however, contend that the application is undergoing further "security screening" and may be subject to "reconsideration" based on that process.

Several courts have determined that such a status—that is, when a visa application has been refused subject to further administrative processing—is not a final decision sufficient to moot a claim for unreasonable delay.  *See, e.g.*, *Ibrahim v. U.S. Dep't of State*, 2020 WL 1703892, at *5 (D.D.C. Apr. 8, 2020) (collecting cases); *Meyou v. U.S. Dep't of State*, 2022 WL 1556344, at *2 (D.D.C. May 17, 2022); *Saleh v. Tillerson*, 293 F. Supp. 3d 419, 431 (S.D.N.Y. 2018) ("[A] visa that is in 'administrative processing' cannot be said to have received final approval."); *Mohamed v. Pompeo*, 2019 WL 4734927, at *4 (E.D. Cal. Sept. 27, 2019).

Other courts, however, have determined that once action has been taken, there is no longer a viable claim of unreasonable delay.  *See Jean v. Garland*, 636 F. Supp. 3d 221, 223 (D.

---

[5] The complaint does not challenge the substantive decision of the consular officer in refusing Aprodu's visa application, presumably because that event occurred after it was filed.  (Def. Ex. 1).  Were it to do so, that claim would likely be barred by the consular nonreviewability doctrine.

Mass. 2022); *Dy*, 2023 WL 8238881, at *2; *see also Tariq v. Blinken*, 2023 WL 2661543, at *1 (N.D. Tex. Jan. 31, 2023) ("the fact that the consular officer identified additional documents that could be submitted for reconsideration of the refusal of the visa application does not alone [avoid mootness]"); *Sackett v. EPA*, 566 U.S. 120, 127 (2012) ("[t]he mere possibility that an agency might reconsider . . . does not suffice to make an otherwise final agency action nonfinal").

On balance, the Court is persuaded that the consular officer's refusal of a visa application is a final decision for the purposes of an unreasonable-delay claim under the APA.  It is undisputed that the application has been denied.  While that denial might be subject to reconsideration in the future, that alone does not support a viable claim for unreasonable delay; indeed, almost any agency decision could be reconsidered or revised.  The fact that the agency identified a specific contingency that might warrant reconsideration does not change the analysis.

In short, a denial is "final" unless and until it has been overturned.  Because defendants have acted on the visa application, they have not failed to take any legally required action, and Count 1 does not state a claim upon which relief can be granted and will be dismissed.

**B.       The Due-Process Claim (Count 2)**

The complaint also asserts that "the combined delay and failure to act by [d]efendants has violated the due process rights of [p]laintiff" and has "irrevocably harmed [her] by causing family separation between" herself and her father.  (Compl. ¶¶ 30-31).

It is unclear from the complaint whether it purports to assert a procedural or substantive due-process claim under the Fifth Amendment.  Nonetheless, either type of claim requires a plaintiff to allege the deprivation of a constitutionally protected interest.  *See Gonzalez-Fuentes v. Molina*, 607 F.3d 864, 886 (1st Cir. 2010).

The complaint does not allege the deprivation of any such interest.  The Supreme Court considered whether a constitutional right to "family unity" existed in *Kerry v. Din*, 576 U.S. 86,

101 (2015).  Although the plurality opinion suggested that there was no constitutional interest of a U.S. citizen in her spouse's visa application, six justices expressly declined to join the resolution of that issue.  *Id.* at 102 (Kennedy, J., concurring in the judgment); *id.* at 107 (Breyer, J., dissenting).  Since then, courts have split over whether to recognize such a right, at least in the context of applications for a married spouse.  *Compare Muñoz v. U.S. Dep't of State*, 50 F.4th 906, 915 (9th Cir. 2022) *with Colindres v. U.S. Dep't of State*, 71 F.4th 1018, 1020 (D.C. Cir. 2023).[6]  The First Circuit has indicated that "*Din* did not produce a definitive answer to the question of whether a citizen has a liberty interest, warranting due process, in residing in the United States with his or her noncitizen spouse."  *Ali v. United States*, 849 F.3d 510, 515 n.3 (1st Cir. 2017).  It has not, however, conclusively determined whether such an interest exists.

Here, plaintiff does not specifically allege the violation of any constitutionally protected interest.  Although some authority might suggest a cognizable claim in cases of married spouses, plaintiff has produced no authority stating that there is a constitutional right to family unity for other family members, such as adult children and their parents.  Indeed, several courts have rejected similar claims.  *See, e.g.*, *Ahmed v. Bitter*, 2024 WL 22763, at *9 (E.D.N.Y. Jan. 2, 2024); *Khachatryan v. Blinken*, 4 F.4th 841, 862 (9th Cir. 2021) ("[T]he [Supreme] Court has never suggested that whatever protection applies to extended-family relationships entails a constitutionally rooted expectation that one will be allowed to bring one's parents or adult children into the United States.").

Accordingly, because the complaint fails to identify a constitutionally protected interest sufficient to support a due-process claim, Count 2 will be dismissed.

---

[6] On January 12, 2024, the Supreme Court granted *certiorari* in *Dep't of State v. Muñoz* on the specific question of "[w]hether a consular officer's refusal of a visa to a U.S. citizen's noncitizen spouse impinges upon a constitutionally protected interest of the citizen."  144 S. Ct. 679 (2024).

**IV.** <u>**Conclusion**</u>

For the foregoing reasons, defendants' motion to dismiss is GRANTED.  The clerk is instructed to enter a separate order of dismissal.

**So Ordered.**

<div style="margin-left: 50%;">

/s/ F. Dennis Saylor IV
_____
F. Dennis Saylor IV

</div>

Dated:  April 16, 2024          Chief Judge, United States District Court